IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01154–WJM–KMT

KATHRYN M. ZAMBONI-CUTTER, and
MARK B. ZAMBONI-CUTTER, individuals,

      Plaintiff,

v.

BANKERS STANDARD INSURANCE COMPANY, a Pennsylvania corporation,

      Defendant.

## ORDER

      Before the court is the parties' "Joint Motion to Stay and to Vacate Scheduling Order," as well as their "Renewed Joint Motion to Stay and to Vacate Scheduling Order." (Doc. Nos. 18, 20.) In both Motions, the litigants request that discovery in this matter be stayed, pending resolution of an appraisal process. (Doc. No. 18 at ¶ 16; Doc. No. 20 ¶ 21.) For the following reasons, the motion to stay is GRANTED.

      This action involves a dispute regarding insurance coverage between Plaintiffs and their insurance carrier. (*See* Doc. No. 1.) After filing this lawsuit, on July 13, 2020, Plaintiffs invoked an appraisal process, pursuant to the terms of their insurance policy. (Doc. No. 18 ¶ 9.) To date, the appraisal has not yet been completed. (Doc. No. 20 ¶ 10.) The parties now seek to stay all proceedings in this matter, pending the completion of an appraisal under the applicable policy terms. (Doc. No. 18 ¶ 16; Doc. No. 20 ¶ 21.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff[s'] interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff[s] of a delay; (2) the burden on the defendant[]; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

In this case, as to the first factor, there is no evidence to suggest that Plaintiffs will be prejudiced by a discovery stay. Indeed, the motion to stay is filed jointly by all parties. (*See* Doc. No. 18.) The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, the parties have set forth a reasonable argument that the appraisal

process must be completed to clarify both the amount of damages at issue, as well as "the scope of issues on which discovery will need to be conducted." (Doc. No. 18 ¶ 12.) As such, "[t]he appraisal process should resolve key factual issues that are in dispute." *Auto-Owners Ins. Co. v. Summit Park Townhome Assoc.*, 100 F. Supp. 3d 1099, 1105 (D. Colo. 2015).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to wait until the appraisal process is complete before proceeding with discovery and other matters. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, the court finds that a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay and to Vacate Scheduling Order" (Doc. No. 18) is **GRANTED**. Discovery in this matter is **STAYED**. Upon completion of the appraisal process, the parties shall file a joint status report, to advise how, and if, they wish to proceed in this court. It is further

**ORDERED** that the "Renewed Joint Motion to Stay and to Vacate Scheduling Order" (Doc. No. 20) is **DENIED as moot**.

This 19th day of October, 2020.

BY THE COURT:

_[signature]_

Kathleen M. Tafoya
United States Magistrate Judge

4